IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUAN MIGUEL TORRES ECHEMENDIA,<br>Petitioner,<br>v.<br>NORTHWEST ICE PROCESSING CENTER; and BRUCE SCOTT, Warden of the Northwest Immigration Processing Center,<br>Respondents,<br>v.<br>UNITED STATES OF AMERICA,<br>Interested Party. | No. 2:26-CV-02746-SAB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1. Petitioner is representing himself in the matter. Respondents are represented by Jennifer Wong.

Petitioner is a native and citizen of Cuba who entered the United States in 2015. On October 29, 2015, an Immigration Judge ordered him removed. Petitioner appealed this decision, which was dismissed on February 1, 2016, making his order of removal final. On June 20, 2016, Petitioner was released under

an Order of Supervision (OSUP), and he asserts he complied with all reporting requirements. On April 7, 2026, during a scheduled check-in, Petitioner was re-detained without prior notice or an opportunity to be heard.

Respondents assert that Petitioner's detention is authorized pursuant to 8 U.S.C. § 1231(a)(6), as they are actively engaged in the removal process.

When it is determined that there is no significant likelihood of removal in the reasonably foreseeable future, DHS may release noncitizens under an OSUP. 8 C.F.R. § 241.13(h). Revocation of an OSUP may occur when either (1) the noncitizen violates a condition of release, or (2) it is determined "that there is a substantial likelihood that the [noncitizen] may be removed in the reasonably foreseeable future. 8 C.F.R. 241.13(i)(2). The noncitizen is supposed to be notified of the reasons for revocation and is supposed to receive an "initial informal interview promptly" after being detained to provide them with an opportunity to respond. 8 C.F.R. § 241.12(i)(3); *E.A.T.-B. v. Wamsley*, No. 2:25-CV-01192, 2025 WL 2402130, at *5 (W.D. Wash. Aug. 19, 2025). Petitioner asserts he was not afforded such an opportunity, and Respondents do not indicate otherwise.

When a final order of removal has been entered, a noncitizen enters a 90-day removal period during which detention is typically mandated. 8 U.S.C. § 1231(a)(1), (2). Section 1231(a)(6) authorizes the continued detention of noncitizens after the expiration of the 90-day mandatory period. 8 U.S.C. § 131(a)(6). The Supreme Court has indicated that 6 months is a presumptively reasonable period of time for DHS to effectuate removal of a noncitizen subject to a final order of removal. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

Since Petitioner's order of removal became final in 2016, he has cumulatively been detained for 10 months. Petitioner's most recent stint of detention has lasted over 6 months, beyond the presumptively reasonable threshold.

Petitioner has the initial burden to demonstrate that there is "good reason to

believe that there is no significant likelihood of removal in the reasonably foreseeable future." *See, e.g., Nguyen v. Field Office Director et al.*, No. 2:26-CV 00394-DGE, 2026 WL 538487, at *3 (W.D. Wash. Feb. 26, 2026). Once the noncitizen meets this burden, the burden shifts to the government to show that removal remains likely within a reasonable timeframe. *Id*. If the government fails to submit sufficient rebuttal evidence showing that removal is likely to occur within the reasonably foreseeable future, then the noncitizen is entitled to habeas relief. *Id*.

Petitioner indicates that there is significant uncertainty about the likelihood of his removal in the foreseeable future. He was denied repatriation to Cuba, Respondents have not identified a different country to remove him to, and no travel documents have been issued. Respondents indicate removal is likely since they are taking proactive steps to effectuate his removal, which does not appear to be affirmative evidence of the likelihood of Petitioner's imminent removal.

As Petitioner's detention has passed the presumptively reasonable 6-month threshold under *Zadvydas*, he was not afforded notice or an opportunity to be heard at the outset of his detention, and Respondents fail to provide sufficient evidence that his removal is likely to occur in the reasonably foreseeable future, Petitioner has established that he is entitled to habeas relief.

Federal courts have "a fair amount of flexibility" in fashioning specific habeas relief. *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). When the core constitutional violation is the absence of pre-deprivation process, "the proper remedy is to restore the status quo ante—that is, to return [the petitioner] to the conditions that existed before his unlawful detention." *Kirykovich v. Hernandez*, 26-cv-695, 2026 WL 890459, at *4 (W.D. Wash. Apr. 1, 2026). Under Ninth Circuit caselaw, the status quo is "the last uncontested status which preceded the pending controversy." *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963) (citation omitted). As Petitioner's re-detainment was the impetus

for the pending controversy, the Court finds it appropriate to order his immediate release as that was his status prior to re-detainment. *Id*. at 809. Furthermore, having a bond hearing at this stage would not cure the underlying constitutional violation and immediate release is the only way to return the status quo.

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**.

2. **Within one (1) day of the date of this Order, Respondents shall release Petitioner from immigration detention.** Within two (2) days of the date of this Order, Respondents shall file a certification that Petitioner has been released.

3. Respondents shall not re-detain Petitioner without providing pre-detention notice and affording Petitioner a hearing unless detention becomes statutorily mandated.

4. At any re-detention hearing, Respondents shall bear the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 19th day of October 2026.



Stanley A. Bastian
United States District Judge